UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL BRYAN KELLY,

Plaintiff,

v.

PEOPLE OF THE STATE OF
CALIFORNIA, et al.,

Defendants.

No.  2:21-cv-01369-CKD P

ORDER AND

FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights

action filed pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court pursuant to

28 U.S.C. § 636(b)(1) and Local Rule 302.

**I.      Screening Standard**

As plaintiff was previously advised, the court is required to screen complaints brought by

prisoners seeking relief against a governmental entity or officer or employee of a governmental

entity.  28 U.S.C. § 1915A(a).  The court will independently dismiss a complaint or portion

thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state

a claim upon which relief may be granted, or that seek monetary relief from a defendant who is

immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

**II.     Allegations in the Second Amended Complaint**

Plaintiff is a state prisoner following his conviction in the Butte County Superior Court.

1

1    In this civil action, plaintiff sues his former criminal defense attorneys, two California state court

2    judges, the Butte County District Attorney who prosecuted him, the Governor of California, the

3    Warden of Pelican Bay State Prison where plaintiff is housed, as well as state agencies that

4    plaintiff contends failed to prevent the violation of his constitutional rights.  According to

5    plaintiff, false criminal charges were initiated by defendant Stanley Smith who conspired with the

6    remaining defendants to secure plaintiff's felony convictions.  However, defendant Smith is a

7    private citizen and is not a state actor for purposes of a § 1983 action.

8            By way of relief, plaintiff seeks compensatory and punitive damages, injunctive relief in

9    the form of a federal investigation of each defendant, a search warrant for evidence supporting his

10   claims, and the reversal of his criminal conviction.  Plaintiff also requests that the minor children

11   in the custody of defendant Smith "be placed in a safe residence" and that defendant Smith be

12   ordered to immediately register as a sex offender.

13           III.    **Analysis**

14           After being provided with the relevant legal standards, plaintiff has been unable to fix the

15   deficiencies identified in the court's prior screening order.  ECF No. 11.  As plaintiff was

16   previously advised, the claims in the present action cannot proceed unless and until his criminal

17   conviction is invalidated as required by Heck v. Humphrey, 512 U.S. 477 (1994).  See also

18   Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasizing that "a state prisoner's § 1983

19   action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable

20   relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal

21   prison proceedings)—if success in that action would necessarily demonstrate the invalidity of

22   confinement or its duration.").  Additionally, many of the named defendants are absolutely

23   immune from a civil suit for damages.  See Imbler v. Pachtman, 424 U.S. 409 (1976); Pierson v.

24   Ray, 386 U.S. 547 (1967); Stevens v. Rifkin, 608 F.Supp. 710, 728 (N.D. Cal. 1984) (finding that

25   even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony

26   and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial

27   immunity.).  Additionally, defendant Smith is not a proper defendant in this § 1983 action since

28   he was not acting under color of state law when he initiated the allegedly false charges against

2

1    plaintiff.  See West v. Atkins, 487 U.S.42, 48 (1988).  Conduct by a private party, no matter how

2    wrongful, is not actionable under § 1983.  See Holly v. Scott, 434 F.3d 287, 291-92 (4th Cir.

3    2006).  For all these reasons, the undersigned recommends dismissing plaintiff's second amended

4    complaint for failing to state a claim and for seeking relief from defendants who are immune from

5    suit.  See 18 U.S.C. § 1915A(b).

6           Once the court finds that a complaint or claim should be dismissed for failure to state a

7    claim, the court has discretion to dismiss with or without leave to amend.  Leave to amend should

8    be granted if it appears possible that the defects in the complaint could be corrected, especially if

9    a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v.

10   United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to

11   amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that

12   the deficiencies of the complaint could not be cured by amendment." (citation omitted).

13   However, if, after careful consideration, it is clear that a claim cannot be cured by amendment,

14   the court may dismiss without leave to amend.  Cato, 70 F.3d at 1105-06.

15          It appears to the court that further amendment of this case would be futile because the

16   deficiencies cannot be cured.  Therefore, the undersigned recommends that the amended

17   complaint be dismissed without further leave to amend.  Klamath-Lake Pharm. Ass'n v. Klamath

18   Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall

19   be freely given, the court does not have to allow futile amendments).

20          **IV.    Plain Language Summary for Pro Se Party**

21          The following information is meant to explain this order in plain English and is not

22   intended as legal advice.

23          The court has reviewed your second amended complaint and determined that it does not

24   state any claim for relief against any defendant.  It is recommended that your complaint be

25   dismissed without further leave to amend.

26          If you disagree with this recommendation, you have 14 days to explain why it is not the

27   correct outcome in your case.  Label your explanation "Objections to Magistrate Judge's Findings

28   and Recommendations."  The district judge assigned your case will then review the case and

make the final decision in this matter.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court randomly assign this matter to a district court judge.

IT IS FURTHER RECOMMENDED that plaintiff's second amended complaint be dismissed without further leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 31, 2022

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/kell1369.F&R.docx

4